# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:05cr31-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| COURTNEY OCTAVIOUS HARGRO. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Dismissal of Attorney [Doc. 237].

On March 27, 2009, the Defendant's sentence was reduced from 162 months imprisonment to 139 months based on the first Crack Cocaine Guideline Amendment (Amendment 706). [Doc. 178]. On January 27, 2012, the Defendant's sentence was further reduced to 128 months imprisonment pursuant to 18 U.S.C. 3582 based on the second Crack Cocaine Guideline Amendment (Amendment 750). [Doc. 225]. On February 10, 2012, the Defendant moved *pro se* for reconsideration of that order, seeking an additional reduction. [Doc. 229]. That motion was denied because at the time it was made the Defendant was still represented by court-appointed counsel, pending the filing of a notice of appeal or other motions, and counsel had not

filed the motion. [Doc. 230].

The Defendant now asks that counsel be dismissed so that he may appear *pro se*. [Doc. 237]. Once the period for filing a notice of appeal expired without the filing of such, then counsel's representation was completed. Hence, there is no need for counsel to be relieved of further representation. As such, Defendant's current motion is moot.

The Court will note that Defendant's prior *pro se* motion is based on Defendant's misreading or misunderstanding of his Presentence Investigation Report, particularly as to the findings regarding the drug quantities for which the Defendant is accountable.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Dismissal of Attorney [Doc. 237] is hereby **DENIED** as moot.

Signed: September 27, 2012

Martin Reidinger
United States District Judge