# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-00124-MR
## [Criminal Case No. 1:05-cr-00031-MR-2]

MARTINEOUS LEON HOPPER, )
)
    Petitioner, )
)
v. )   O R D E R
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. The Government has responded. [Doc. 9]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I. BACKGROUND

On May 15, 2006, Petitioner was convicted on one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner was sentenced to an active term of 262 months' imprisonment. [Criminal Case No. 1:05-cr-00031, Doc. 111: Judgment in a Criminal Case at 1-2]. Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit, but the appeal

was dismissed on the motion of the Government.  United States v. Hopper, No. 06-4470 (4th Cir. filed Mar. 23, 2007) (unpublished). The Supreme Court of the United States denied Petitioner's petition for a writ of certiorari. Hopper v. United States, 552 U.S. 869, 128 S. Ct. 167, 169 L.Ed.2d 114 (2007).

On September 15, 2008, Petitioner filed a Section 2255 motion which was granted based on the Court's finding that Petitioner received ineffective assistance of counsel. The Court found that Petitioner's counsel was ineffective for failing to object to the erroneous calculation of his offense level which resulted in a sentence in excess of the lawful term. Petitioner's sentence was vacated and he was resentenced to a term of 188 months' imprisonment.  [See Civil Case No. 1:08-cv-00442, Doc. 3: Memorandum and Order; Criminal Case No. 1:05-cr-00031, Doc. 200: Amended Judgment in a Criminal Case].  Petitioner appealed from this amended judgment to the Fourth Circuit. On appeal, Petitioner argued that the district court should have treated his two prior state convictions for assault as a single conviction, and therefore he did not qualify as a career offender.  The Court rejected this argument noting that the assault "charges were separated by an intervening arrest" and therefore should be counted as separate conviction for career offender purposes.  United States v.

Hopper, 413 F. App'x 672, 673 (4th Cir. 2011) (unpublished). Petitioner's criminal judgment was affirmed in all respects. Id.

On June 1, 2012, Petitioner filed the present Section 2255 motion challenging his criminal judgment by raising claims of ineffective assistance of counsel in his second sentencing hearing. First, Petitioner contends that his resentencing counsel was ineffective for failing to object to and present evidence concerning the two state court assault convictions, which supported his designation as a career offender. Second, Petitioner alleges his resentencing counsel erred in failing to raise a challenge to his assault convictions based on the Supreme Court's holding in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). Last, Petitioner maintains that his resentencing counsel was ineffective by not filing a motion in Cleveland County Superior Court to challenge "the court's breach of plea agreement on the assault charges." [Doc. 1-1 at 2-3].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable

3

authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Two of the three issues raised by the Petitioner in this matter pertain to the district court's treatment of his prior state court assault convictions and whether such convictions support his classification as a career offender. In his first claim for relief, Petitioner argues that during the resentencing proceeding his counsel was ineffective for failing to object and present evidence that his prior assault charges were "part of a common

4

scheme or plan and consolidated by a 'formal consolidation' order and that these offenses were not to be counted separately for career offender purposes." [Doc. 1-1 at 2]. In his third claim for relief, Petitioner contends that his resentencing counsel was further ineffective for failing to challenge "the [state] court's breach of plea agreement on the assault charges" in Cleveland County Superior Court. [Doc. 1-1 at 2-3].

The Fourth Circuit has already determined that the prior assault convictions were properly counted for purposes of establishing his status a career offender. The Court specifically found that "the district court correctly found that [Petitioner's] prior convictions counted as separate convictions for the purpose of calculating his sentence under the career offender guideline." Hopper, 413 F. App'x at 673-74. The Fourth Circuit's determination of this issue forecloses presentation of Petitioner's claims here. See United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Accordingly, these claims are dismissed.

In his second claim for relief, Petitioner argues that his resentencing counsel was ineffective for failing to object to his assault convictions based on the Supreme Court's decision in Carachuri. Petitioner was resentenced on July 27, 2009, some eleven months before the Supreme Court issued its decision in Carachuri. The law is clear that an attorney's failure to anticipate a new rule of law is an insufficient ground to support a claim of ineffective of assistance of counsel. See United States v. McNamara, 74 F.3d 514, 516-17 (4th Cir. 1996) (collecting cases). In any event, the Fourth Circuit has held that Carachuri is not retroactive to cases on collateral review. See United States v. Powell, 691 F.3d 554, 560-61 (4th Cir. 2012) ("Because the Supreme Court's decision in Carachuri at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that Carachuri is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review."); see also United States v. Wheeler, No. 11-6643, 2012 WL 5417557, at *1 (4th Cir. Nov. 7, 2012) (unpublished) (noting that "Wheeler's claim for retroactive application of [Carachuri and our opinion in Simmons] fails in light our recent opinion in [Powell]"); United States v. Walker, 2012 WL 5359506, at *1 (4th Cir. Nov. 1, 2012) (unpublished)

6

(holding that "Carachuri claims may not be raised retroactively in collateral proceedings."). This claim, therefore, is also dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 16, 2013

Martin Reidinger
United States District Judge